IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVES NADIE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 25-03064-KSM |

<u>MEMORANDUM</u>

Marston, J.                                                                October 24, 2025

*Pro se* Plaintiff Yves Nadie alleges that the United States Postal Service (USPS) damaged his mailbox and has failed to remediate the situation. Nadie brings this lawsuit against Defendant United States of America asserting a claim for negligence under the Federal Tort Claims Act ("FTCA"). The United States moves to partially dismiss Nadie's Complaint, arguing that Nadie is not entitled to recovery for punitive damages or emotional distress. For the reasons below, the United States's partial motion to dismiss is granted.

I.    FACTUAL BACKGROUND

Nadie alleges that approximately two years ago, he discovered that his mailbox had been "severely damaged in a hit-and-run incident involving a USPS vehicle." (Doc. No. 2 at ¶ 4.) Following the incident, the local post office confirmed to Nadie that one of their trucks had been involved. (*Id.* at ¶ 4.) Nadie filed a police report, met with the postmaster, and "submitted all required documentation" describing the incident. (*Id.* at ¶ 7). USPS acknowledged responsibility and promised him a speedy resolution, "including mailbox repairs." (*Id.*) "Despite

[these] repeated assurances," Nadie avers that "USPS failed to repair the mailbox" and ignored his inquiries. (*Id*. at ¶ 8.)

Nadie then took matters into his own hands, pursuing and winning a small claims judgment in Pennsylvania state court, which USPS did not appeal. (*Id.* at ¶ 9.) He attests that his attempts to enforce or resolve the judgment went unanswered even after he submitted additional documentation to USPS legal representatives and administrative personnel. (*Id.*)

As a result of this incident, Nadie alleges that his family has had to collect mail from the post office, which he describes as "an exhausting, daily disruption that has caused significant damage." (*Id.* at ¶ 10.) Nadie also describes how as a result of the unresolved damage to his mailbox and lack of USPS communication, he has felt a sense of betrayal, distrust, and anxiety about the loss or delay of crucial mail. (*Id.* at ¶ 11.) Similarly, he claims that when he attempted temporary repairs on his mailbox, it caused "physical and financial strain" and "served as a daily reminder of USPS's failure to provide basic accountability." (*Id.* at ¶ 12.)

## II.  PROCEDURAL HISTORY

On October 17, 2023, Nadie filed a complaint against USPS in Magisterial District Court in Bucks County, Pennsylvania. *See* 2:24-cv-4049, Doc. No. 1-3 at 5. When USPS failed to respond to Nadie's complaint, the state court entered default judgment against it on November 22, 2023. *Id.* at 2. USPS's Law Department notified the United States Attorney's Office of the default judgment, and the United States, acting on USPS's behalf, removed the case to this Court under 28 U.S.C. § 1442(a)(1) on August 8, 2024. *Id.*, Doc. No. 1 at 1. The United States moved to substitute itself for the USPS (as the sole defendant), vacate the state court's judgment, and dismiss the case for lack of subject matter jurisdiction. *Id.*, Doc. No. 11.

On November 15, 2024, this Court granted the United States's motion to dismiss, vacated the default judgment, and dismissed Plaintiff's claims *without prejudice* for failure to exhaust his administrative claims. *Id.*, Doc. No. 14. In its Order, the Court advised Nadie that he may file a claim against the United States once he has exhausted his administrative remedies. *Id.* Once he properly exhausted his administrative remedies (*see* Doc. No. 11-1), Nadie filed the instant action.[1] (Doc. No. 2.)

Nadie brings a "claim for relief" of negligence under the FTCA. (Doc. No. 2 at ¶ 14-15.) He alleges that USPS employees were acting within the scope of their employment when the negligence act occurred, and that USPS's negligence caused Nadie actual damages and continued disruption of his daily life. (Id. at ¶¶ 14-15.) Nadie argues that the act of damaging his mailbox and leaving the scene constitutes "not only negligence but also a violation of trust and possibly criminal misconduct by a federal agent."[2] (Id. at ¶ 13.) He seeks punitive and emotional distress damages. (*Id.*; *see also* Doc. No. 11-1.) Additionally, Nadie seeks an apology from USPS. (*Id*. at ¶ 13.) On September 19, 2025, the United States filed a motion to partially dismiss Nadie's complaint, which Nadie opposes. (Doc. No. 11; Doc. No. 14.)

---

[1] The United States attaches Nadie's administrative claim to its motion to dismiss as Exhibit 1. (Doc. No. 11-1.) The United States does not dispute that Nadie has properly exhausted. (Doc. No. 11 at 7.)

[2] In his opposition to the United States's motion to dismiss, Nadie alleges that he did not plead an "ordinary negligence" FTCA action. (Doc. No. 14 at 1.) He reasons that "a hit-and-run is not ordinary negligence; it constitutes gross negligence, fraud, and criminal misconduct. . . . When conduct involves high negligence, malice, oppression, or fraud, courts recognize exceptions that permit such claims to proceed." (*Id*.) As support for this assertion, he cites authorities such as 18 U.S.C. § 1001 and 18 U.S.C. § 111. The United States counters in its reply that new claims cannot be added in opposition briefing. (Doc. No. 16 at 1.) To the extent that any of Nadie's arguments in his opposition raise new claims, the Court agrees—Nadie cannot add new claims through briefing. *See Commonwealth Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F. 2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## III. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (quotation marks and alterations omitted). Similarly, the Court "may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. DISCUSSION

Nadie brings a negligence claim under the FTCA against the United States for the alleged destruction of his mailbox. Both parties agree the FTCA waives the sovereign immunity of the United States for torts committed by "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also id.* § 2674; *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (stating that "[t]he FTCA 'was designed primarily to remove the sovereign

immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))). The United States is the only proper defendant in an FTCA action. *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). As a defendant, the United States is "entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." 28 U.S.C. § 2674.

The United States moves to partially dismiss Nadie's claim, asserting that he is not entitled to recovery for punitive damages under the FTCA or emotional distress damages under Pennsylvania law. (Doc. No. 11.) Nadie's opposes the motion arguing the United States ignores the "criminal nature of the conduct at issue" which would permit him to recover both punitive and emotional distress damages. (Doc. No. 14.) The Court will address each argument in turn.

### A. Punitive Damages

First, the United States argues that Nadie is barred from recovering punitive damages under the FTCA. (Doc. No. 11 at 7.) It is well-settled law that the FTCA only authorizes suits against the United States for compensatory damages. *See Mass. Bonding & Ins. Co. v. United States*, 352 U.S. 128, 188 (1956) ("The standard under the Tort Claims Act is 'compensatory'"); *Barnes v. United States*, 685 F. 2d 66, 69 (3d Cir. 1982) ("The objective of compensation in tort law is 'to place the plaintiff in the same economic position as would have been his if the injury had not occurred.'") (quoting *Russell v. City of Wildwood*, 428 F.2d 1176, 1181 (3d Cir. 1970).

Indeed, a plaintiff is statutorily barred from recovering punitive damages in an FTCA action:

> The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable . . . for punitive damages.

28 U.S.C. § 2674.  Courts have long recognized this statutory bar.  *See e.g., Carlson v. Green*, 446 U.S. 14, 22 (1980) ("[P]unitive damages in an FTCA suit are statutorily prohibited."); *Michtavi v. United States*, 345 F. App'x 727, 730 n.4 (3d Cir. 2009) (per curiam) ("[T]o the extent Michtavi purported to seek punitive damages, recovery for alleged loss of property, and injunctive relief, such relief is not available under the FTCA."); *Talley v. Savage*, No. 22-4186, 2022 WL 17573403, at *6, n. 10 (E.D. Pa. Dec. 8, 2022) ("The FTCA only authorizes suits for damages, exclusive of punitive damages.").

In Nadie's opposition brief, he asserts that in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court "acknowledged exceptions [to the bar on punitive damages in an FTCA suit] where constitutional or criminal violations exist."  (Doc. No. 14 at 4.)  Nadie is correct that in *Carlson*, the Supreme Court acknowledged that punitive damages may be awarded in a *Bivens* suit.  *Carlson*, 446 U.S. at 15.  A *Bivens* suit allows victims of a constitutional violation by a federal agent to recover damages against the federal official in certain instances.  *Carlson*, 446 U.S. at 18.

Here, Nadie has not brought a *Bivens* suit, nor has he pled a constitutional violation by a federal agent.  (Doc. No. 2.)  Instead, he brings an FTCA claim for negligence against the United States.  As noted above, the FTCA, unlike a *Bivens* claim, bars recovery for punitive damages.  So even if the Court were to credit Nadie's allegations that the incident involved criminal misconduct because it was a hit-and-run by a USPS employee,[3] Nadie would still be precluded

---

[3] To the extent Nadie attempts to bring a standalone claim for criminal violations, that claim fails because criminal misconduct does not give rise to an independent, private cause of action.  *See Moton v. Wetzel*, 803 F. App'x 589, 592 (3d Cir. 2020) (determining that "vague allegations" of criminal misconduct without more specificity do not confer a private right of action"); *Linda R.S. v. Richard D.*,

from recovering punitive damages under the FTCA.[4]  Nadie's claims for punitive damages must be dismissed.[5]

### B.     Emotional Distress Damages

Next, the United States argues that Nadie is not entitled to emotional distress damages. (Doc. No. 11 at 8.)  As the United States highlights, Nadie seeks relief for "actual damages" and the "continued disruption of daily life" caused by the destruction of his mailbox.  (Doc. No. 2 at ¶ 15.)  Nadie describes this disruption as creating "a sense of betrayal, distrust, and anxiety about the loss or delay of crucial mail" (*id.* at ¶ 11), and he alleges that his unrepaired mailbox "served as a daily reminder of USPS's failure to provide basic accountability" (*id.* at ¶ 12).

---

410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *cf. Iqbal*, 556 U.S. at 678 (noting that a Plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully").

[4] As noted above, *see supra* n.2, Nadie attempts to bring additional claims for gross negligence, fraud, and fraudulent concealment in his opposition brief (Doc. No. 13 at 1), which he is not permitted to do.  But even if the Court were to consider such claims, they do not alter the Court's conclusions here.  Gross negligence is a form of negligence, for which the FTCA bars recovery of punitive damages. *See e.g., Salas v. United States*, 667 F. Supp. 3d 380, 386 (W.D. Tex. 2023) ("[B]ecause § 2674 bars recovery of punitive damages in FTCA cases, the Plaintiff cannot recover under a theory of gross negligence"). And Nadie's claims of misrepresentation and fraud cannot stand because the FTCA specifically prohibits a party from filing a claim of misrepresentation or fraud against the federal government. *See e.g*., 28 U.S.C. § 2680(h) ("The provisions of this chapter . . . shall not apply to . . .  misrepresentation …"); *McNeily v. United States*, 6 F. 3d 343, 349 (5th Cir. 1993) (referring to 28 U.S.C § 2680(h) as the "fraud and misrepresentation exception" to the FTCA); *Foster v. Pitney Bowes Inc*., No. 11-cv-7303, 2012 WL 2997810, at *5 (E.D. Pa. July 23, 2012), aff'd 549 F. App'x 982 (Fed. Cir. 2013) ("Plaintiff's claim of misrepresentation and fraud will be dismissed because the FTCA specifically prohibits a party from filing a claim of misrepresentation against the federal government.").

[5] Although Nadie is barred from recovering punitive damages against the United States, he may be entitled to compensatory damages because a federal employee, acting within the scope of his employment, may have damaged Nadie's mailbox.  *See Sosa*, 542 U.S. at 700 (providing a cause of action for private individuals for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

As noted above, *see supra* Section IV.A., damages available under the FTCA are "compensatory"—with the aim to make the individual whole for the injuries he has suffered. *See Russell v. City of Wildwood*, 428 F.2d 1176, 1181 (3d Cir. 1970). A claim brought under the FTCA is governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Gould Elecs. Inc. v. United States,* 220 F.3d 169, 179 (3d Cir. 2000); *Richardson v. United States*, No. 24-2808, 2025 WL 1275771, at *2 (3d Cir. May 2, 2025). The Supreme Court has "consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive law under the FTCA." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Here, USPS's alleged negligent act occurred at Nadie's residence in Pennsylvania. (Doc. No. 2 at ¶ 5.) Therefore, Pennsylvania substantive law controls whether emotional distress damages are available on his negligence claim. (Doc. No. 11 at 9.)

The United States cites a number of cases for the proposition that a plaintiff may recover emotional distress damages in Pennsylvania as result of defendant's negligence "*only* where the underlying claim includes physical injury or in limited circumstances where the plaintiff witnesses injury to another." (Doc. No. 11 at 9.) (emphasis added) (citing *Mest v. Cabon Corp.*, 449 F. 3d 502, 519 (3d Cir. 2006); *Jacobs v. LG Elecs, U.S.A., Inc*., No. 19-3728, 2020 WL 3050351, at *2 (E.D. Pa. June 8, 2020); *Hoffman v. Champion Power Equip., Inc*., No. 4:15-cv-01828, 2017 WL 2672304, at *7 (M.D. Pa. June 21, 2017); *Tressler v. Priester-Hoover*, 31 Pa. D. & C. 4th 73, 75 (Com. Pl. 1996)).) This is correct. Notably, "Pennsylvania law does not allow for recovery for emotional distress damages resulting from a defendant's negligent injury to property." *Mest*, 449 F. 3d at 519 (citing *Brooks v. Hickman,* 570 F. Supp. 619, 619–20 (W.D. Pa. 1983); *Houston v. Texaco, Inc.*, 538 A.2d 502, 506 (Pa. 1988); *Tressler*, 31 Pa. D. & C. 4th at 75; *Casey v. Pa.–Am. Water Co.,* 12 Pa. D. & C. 4th 168, 171–73 (Pa. Com. Pl. 1990).) In

support of these cases, the United States argues that Nadie cannot recover emotional distress damages under the FTCA because he has not alleged or exhausted a physical injury claim. (Doc. No. 11 at 10.)

The Court agrees that Nadie has not pled a physical injury. While Nadie describes the "physical . . . strain" he suffered from attempting to fix his mailbox, it is clear on the face of the Complaint that this "physical . . . strain" is a consequence of the injury to his property, rather than an alleged injury itself. (Doc. No. 2 at ¶ 12.) Even if the Court were to consider Nadie's allegations to include a physical injury because of this description, Nadie would be precluded from recovering for this physical injury because his exhausted administrative claim is not predicated on any physical injury.[6] *See Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009) ("The FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied. The final denial requirement is 'jurisdictional and cannot be waived.'").

The Court recognizes that Nadie believes the cases cited by the United States involve "ordinary negligence" not criminal misconduct which Nadie claims he has alleged and should be compensable. (Doc. No. 14 at 4.) For example, under *Mest*, emotional distress damages may be available for fraud or intentional torts under Pennsylvania law. But as the Court has already explained, even if we were to construe Nadie's allegations of the "hit and run" as criminal misconduct (which undisputedly it is), such conduct does not give rise to a claim under the

---

[6] The Standard Form 95, OMB, includes a "Personal Injury/Wrongful Death" section where individuals submitting an administrative claim are invited to "state the nature and extent of each injury or case of death, which forms the basis of the claim." (*Id*). Nadie wrote "No injury" in this field. (*Id*.) Nadie also did not input a monetary value under Section 12b., Personal Injury, where individuals submitting a claim are invited to total their estimated damages resulting from personal injury. Instead, his administrative claim description is predicated on "Property Damage." (*Id*.) He writes: "[t]he damage involves a standard post mailbox, which was struck and compromised." (*Id*.)

FTCA. So, necessarily, criminal conduct cannot support emotional distress damages under the FTCA. 28 U.S.C. § 2680(h) ("The provisions of this chapter … shall not apply to … misrepresentation …"); *McNeily v. United States*, 6 F. 3d 343, 349 (5th Cir. 1993) (referring to 28 U.S.C § 2680(h) as the "fraud and misrepresentation exception" to the FTCA).

## V. CONCLUSION

For the reasons set forth above, the United States's partial motion to dismiss is granted. The Court dismisses Nadie's requests for punitive and emotional distress damages with prejudice because Nadie cannot cure the deficiencies identified in this Memorandum with additional allegations and without contradicting the facts already asserted in his Complaint. Thus, any amendment would be futile. An accompanying order follows.